IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| EMERSON SCOTT BARNES, ) | Civil Action No. 4:06-2932-GRA-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| MAJOR PHILLIP ANDERSON, ) | |
| CAPTAIN SHARON MIDDLETON, ) | |
| LT. LYNDA BUTLER, SHERIFF DAN ) | |
| WIDERMAN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## I. PROCEDURAL BACKGROUND

The plaintiff, Emerson Scott Barnes ("plaintiff"), filed this action under 42 U.S.C. § 1983[1] on October 13, 2006. Plaintiff alleges that his constitutional rights were violated by defendants. Defendants filed a motion for summary judgment on March 12, 2007. Because plaintiff is proceeding pro se, he was advised on or about March 13, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in the dismissal of his complaint. The *Roseboro* Order was returned to the Clerk of Court's office via United States Postal Service on March 20, 2007, marked "paroled, probation 2-1-07." (Document #20).

Plaintiff did not respond to the motion for summary judgment. On April 20, 2007, an Order was issued directing the plaintiff to respond to the defendants' motion for summary judgment within twenty (20) days of the date of this Order or his case may be dismissed for failure to prosecute

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

pursuant to Rule 41b of the Federal Rules of Civil Procedure. This Order was returned to the Clerk of Court's office via the United States Postal Service marked "Return to Sender." Plaintiff has not filed a change of address with the court.

## A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1) the degree of plaintiff's responsibility in failing to respond;

(2) the amount of prejudice to the defendant;

(3) the history of the plaintiff in proceeding in a dilatory manner; and,

(4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to defendants' motion for summary judgment, or the court's Orders requiring him to respond. Further, the *Roseboro* Order and the court's Order of April 20, 2007, were returned to the Clerk of Court's office via United States Postal Service as undeliverable. The *Roseboro* Order was returned marked "paroled." Plaintiff has not provided the court with an updated address as required by the Order of October 23, 2006. The undersigned concludes the plaintiff has abandoned his

2

lawsuit as to these defendants. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II.  CONCLUSION

As set out above, a review of the record indicates that the plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

RECOMMENDED that plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b).

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 17, 2007
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

3